Rhonda Salazar **GAMBOA**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–87–123–CR.

Court of Appeals of Texas,
Fort Worth.

July 27, 1989.

Lloyd D. Odle, Lewisville, for appellant.

Jerry Cobb, Crim. Dist. Atty., Gwinda Burns, Asst. Dist. Atty., Denton, for State.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

HILL, Justice.

Rhonda Salazar Gamboa appeals her conviction by a jury of the offense of driving while intoxicated. Her punishment was assessed by the court at seventy-two hours confinement in the Denton County jail, a fine of $300, and suspension of her driver's license for ninety days. In six points of error she complains of the destruction of videotapes made of her after her arrest. In two additional points of error, she urges that the trial court erred in allowing the State to change its election as to which theory of intoxication to present to the jury, and that the court erred in refusing to grant a requested instruction that the jury

disregard the testimony relating to her mental and physical faculties.

We affirm, because we find that: (1) there is no factual basis to support Gamboa's points of error relating to the destruction of certain videotapes, because Gamboa did not show that the videotapes contained evidence favorable to her, and because she did not show that the failure to preserve the videotapes was due to bad faith on the part of the police; (2) the trial court did not err in permitting the State to change its election as to which theory of intoxication the State wished to rely upon, and Gamboa made no objection to the change of election; and (3) the trial court did not err in refusing to instruct the jury to disregard the testimony relating to Gamboa's mental and physical faculties, because that testimony was admissible to show the context in which her criminal act occurred, even if she had only originally been charged with intoxication under the theory of alcohol concentration in her breath.

Points of error numbers one through six concern the destruction of certain videotapes made of Gamboa after her arrest. A videotape made of Gamboa when she was booked into the Flower Mound Police Station was reused and not preserved because it was merely a booking tape, although it was acknowledged that such tapes had on occasion been used as evidence. Another videotape, made by a Department of Public Safety intoxilyzer operator, was subsequently erased and destroyed by the operator. According to the officer, such tapes were not preserved when, as here, the accused took an intoxilyzer test.

Gamboa urges that in view of the destruction of these two videotapes the trial court should have: (1) granted her motion to suppress and suppressed all evidence acquired after the first videotape was made; (2) granted her motion to dismiss; (3) sustained her trial objection to the admission of any evidence obtained after the making of the first videotape; (4) sustained her objection to the intoxilyzer test record; (5) granted her motion for instructed verdict of not guilty; and (6) given the jury an instruction relating to the suppression of favorable evidence.

The key elements necessary in any suppression of evidence claim are: (1) there must be a suppression of the evidence by the prosecution after a request by the defense; (2) the evidence must be favorable to the accused; and (3) the evidence must be material. *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim.App. [Panel Op.]), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1979). Nothing in our record indicates that the videotapes which were destroyed constituted evidence favorable to the accused. Consequently, there is no factual basis to support Gamboa's suppression claim. *See Garrett v. State*, 682 S.W.2d 301, 309 (Tex.Crim.App.), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1984).

Gamboa says that evidence is exculpatory if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact, relying on *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 3450, 73 L.Ed.2d 1193 (1982). She argues that since the videotape was taken at a time that she was alleged to have been intoxicated that it could have affected the judgment of the trier of fact and was, therefore, exculpatory. Rather than supporting her position, the court in *Valenzuela–Bernal* rejected the "might have been favorable" test suggested by Gamboa. The court held that where a defendant has been prejudiced due to the government's loss of evidence, the defendant, in order to establish a due process claim, must make some showing that the lost evidence was favorable and material. *Id.* 102 S.Ct. at 3449. The United States Supreme Court has also held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, —— U.S. ——, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). Gamboa has not shown that the failure of the police to preserve the videotape in this case was due to bad faith on

their part. We overrule points of error numbers one through six.

In point of error number seven, Gamboa contends that the trial court erred by allowing the State to change its election as to which theory of intoxication to submit to the jury. During a discussion concerning the court's charge to the jury, the court required the State to elect as to which theory of intoxication to submit to the jury. Initially, the State elected to submit the case on the theory that the defendant had lost the normal use of her mental and physical faculties. Subsequently, the trial judge indicated that he would instruct the jury not to consider the intoxilyzer results in determining intoxication. Since the court was already in the process of preparing its charge on the theory of alcohol concentration of at least 0.10 grams of alcohol per 210 liters of breath, the court inquired of the State if it were certain as to which election it desired. At that time the State changed its election, deciding to submit the case to the jury on the theory of alcohol concentration in the breath. Gamboa made no objection to the change in the election. Finding no error, we overrule point of error number seven.

Gamboa urges in point of error number eight that the trial court erred in refusing to instruct the jury to disregard the testimony relating to her mental and physical faculties. Gamboa requested this instruction after the State elected to proceed on the theory of alcohol concentration in the breath rather than on the theory that Gamboa had lost the normal use of her mental and physical faculties. We find that this evidence would have been admissible to show the context in which Gamboa's criminal act occurred, even if Gamboa had only been charged under the theory of alcohol concentration in the breath. *See Wilkerson v. State,* 736 S.W.2d 656, 659–60 (Tex.Crim.App.1987). Since the evidence is properly admissible under either theory, it was not improper for the judge to fail to instruct the jury not to consider it. We overrule point of error number eight.

The judgment is affirmed.