**The STATE of Texas, Appellant,**

v.

**Laureen Marie RUDD, Appellee.**

No. 05–93–00438–CR.

Court of Appeals of Texas, Dallas.

Feb. 7, 1994.

the trial court's order. We remand the cause for further proceedings.

## PROCEDURAL HISTORY

The State charged appellee with driving while intoxicated. Before trial, she filed a motion to dismiss the information. She contended the State erased a videotape that was favorable to her defense. Alternatively, she moved the court to suppress all evidence of the video/audiotape. She also asked the trial court to suppress evidence of all events shown on the videotape that were not otherwise verifiable.

Appellee contended the arresting officer improperly advised her that she should take a breath alcohol test. She contended the arresting officer's advice violated her Sixth and Fourteenth Amendment rights under the U.S. Constitution and her right to counsel under the Texas Constitution.

The trial court denied the motion to dismiss, but granted the motion to suppress. The trial court suppressed the breath test results and all occurrences that the videotape would have shown. At the hearing, the State and appellee's attorney stipulated that the State accidentally erased the videotape. They also stipulated that the State did not act in bad faith when it erased the videotape.

## THE ISSUE

The State contends the trial court erred in granting appellee's motion because appellee did not carry her burden under applicable Texas law.

Susan L. Free, McKinney, for appellant.

Randall B. Insenberg, Dallas, for appellee.

Before BAKER, MALONEY and MORRIS, JJ.

## THE MOTION TO SUPPRESS

### A. Standard of Review

## OPINION

BAKER, Justice.

Charged with driving while intoxicated, appellee moved the court to dismiss the information or to suppress the evidence. She alleged that the State destroyed favorable evidence. The court granted appellee's motion to suppress. The State contends the trial court erred in granting appellee's motion because appellee did not carry her burden under applicable Texas law. We reverse

█ The trial judge is the sole trier of fact at a suppression hearing. The court is the judge of the witnesses' credibility and the weight given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The reviewing court does not engage in its own factual review. We decide whether the record supports the trial court's findings. If the record supports the trial court's findings, we do not disturb them. We only consider whether the trial court improperly

applied the law to the facts. *Romero,* 800 S.W.2d at 543.

## B. Applicable Law

■ State constitutions cannot subtract from the rights guaranteed by the United States Constitution. However, a state constitution can provide citizens additional rights. The federal constitution sets the floor for individual rights; state constitutions set the ceiling. *Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991); *Le-Croy v. Hanlon,* 713 S.W.2d 335 (Tex.1986).

### 1. Federal Law

■ The State's suppression of exculpatory evidence violates due process if the evidence is material to either guilt or punishment, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). When suppression of exculpatory evidence is an issue a defendant must show: (1) suppression by the prosecution after a defense request; and (2) the evidence was favorable and material. *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972). To prove a violation of his due process rights, a defendant must show there is a reasonable chance that, had the State disclosed the evidence to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985).

■ Courts apply a different standard when the State fails to preserve potentially useful evidence. *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In *Trombetta,* the Supreme Court found that the duty the Constitution imposes on the states to preserve evidence is limited. The Constitution limits the duty to evidence that the state could expect to play a significant role in the suspect's defense. *Trombetta,* 467 U.S. at 488, 104 S.Ct. at 2533. The evidence's exculpatory value must be obvious before the State destroyed the evidence. The evidence must be such that the defendant would be unable to find comparable evidence by other available means. *Trombetta,* 467 U.S. at 489, 104 S.Ct. at 2534.

More recently the Supreme Court considered the distinction between suppression of exculpatory evidence and failure to preserve useful evidence. *See Youngblood,* 488 U.S. at 51, 109 S.Ct. at 333. *Youngblood* involved the state's failure to preserve evidence and to perform certain tests on the evidence. The Supreme Court held that unless a criminal defendant can show bad faith by the police, failure to preserve potentially useful evidence is not a denial of due process. *Youngblood,* 488 U.S. at 58, 109 S.Ct. at 337.

### 2. Texas Law

Before *Heitman,* Texas courts applied the *Brady* and *Moore* standards to determine whether suppression of exculpatory evidence violated article I, section 19. *See Nastu v. State,* 589 S.W.2d 434, 441 (Tex.Crim.App. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Ransonette v. State,* 550 S.W.2d 36, 39 (Tex.Crim.App. 1977); *Smith v. State,* 541 S.W.2d 831, 835 (Tex.Crim.App.1976), *cert. denied,* 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977); *Hill v. State,* 504 S.W.2d 484, 487 (Tex.Crim. App.1974), *overruled on other grounds,* 591 S.W.2d 837 (1979); *Gamboa v. State,* 774 S.W.2d 111, 112 (Tex.App.—Fort Worth 1989, pet. ref'd); *Gardner v. State,* 745 S.W.2d 955, 958 (Tex.App.—Austin 1988, no pet.). Texas courts of appeals continue to apply the *Brady* standard in deciding whether the State's suppression of exculpatory evidence violates an appellee's constitutional rights. *See Barre v. State,* 826 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

■ We conclude the *Brady* standard applies to determine whether the State's suppression of exculpatory evidence violates article I, section 19 of the Texas Constitution. We hold that article I, section 19 provides the same protection as the United States Constitution when the issue is the State's failure to disclose exculpatory evidence.

■ Texas recognizes the different federal standards used in cases involving suppression of exculpatory evidence and failure

to preserve potentially useful evidence. *Thomas v. State,* 841 S.W.2d 399, 402 n. 5 (Tex.Crim.App.1992).[1] In *Thomas,* the court of criminal appeals recognized Texas courts should apply the *Youngblood* standard when dealing with a claimed due process violation because the State did not preserve potentially useful evidence. *Thomas,* 841 S.W.2d at 402 n. 5.

Before *Heitman,* two Texas courts of appeals dealt with the loss or destruction of evidence. *Gamboa,* 774 S.W.2d at 112; *Gardner,* 745 S.W.2d at 959. In *Gardner,* the State destroyed a tape recording of a potential witness and composite drawings of the suspect. Gardner claimed the State violated his due course of law rights and due process rights by not preserving the items. *Gardner,* 745 S.W.2d at 958. The Austin Court of Appeals decided *Gardner* before *Youngblood.* However, the court recognized and applied the *Trombetta* test to decide the issue of destruction or loss of evidence. *Gardner,* 745 S.W.2d at 959.

The Fort Worth Court of Appeals decided *Gamboa* after the United States Supreme Court decided *Youngblood.* In *Gamboa,* like this case, the State erased videotapes of the appellant after the State arrested her for driving while intoxicated. Gamboa moved to suppress all the evidence acquired after the first videotape. *Gamboa,* 774 S.W.2d at 112. The court recognized that when the State does not preserve potentially useful evidence a defendant must show bad faith to prove a violation of due process. *Gamboa,* 774 S.W.2d at 112. The court relied on *Youngblood* to support the bad faith requirement.

Since *Heitman,* one court of appeals has dealt with the issue of loss or destruction of potentially useful evidence. In *Barre,* the Fourteenth Court of Appeals recognized the *Youngblood* standard applies when the State does not preserve potentially useful evidence. *Barre,* 826 S.W.2d at 725. In *Barre,* the State destroyed a tape recording that the appellant had requested the State to preserve. *Barre,* 826 S.W.2d at 723. The court

found that, as in *Youngblood,* the evidence was potentially useful. The evidence was not exculpatory or material on its face. The court found that because appellant did not show that the State destroyed the tape in bad faith, the trial court correctly overruled his motion to dismiss the information. *Barre,* 826 S.W.2d at 725.

Because Texas courts have applied the *Youngblood* test to destruction or loss of potentially useful evidence before and after *Heitman,* we conclude Texas courts should apply the *Youngblood* standard to determine violations of article I, section 19 of the Texas constitution when the State does not preserve potentially useful evidence. We hold that article I, section 19 provides the same protection as the Fourteenth Amendment of the United States Constitution when the issue is the State's failure to preserve potentially useful evidence.

### B. Application of Law to the Facts

Appellee claims that erasing the videotape violated her due process and due course of law rights. The State claims the trial court erred because appellee did not carry her burden on her motion to suppress.

This case involves the State's failure to preserve potentially useful evidence. The videotape was potentially useful to appellee in proving her claim that the police officer erroneously advised her to take the breath test. However, the State and appellee stipulated that the State did not act in bad faith when it accidentally erased the videotape.

■ To show a violation of her due course of law or due process rights, appellee had to show the State acted in bad faith when it erased the videotape. *Youngblood,* 488 U.S. at 58, 109 S.Ct. at 337; *Barre,* 826 S.W.2d at 724; *Gamboa,* 774 S.W.2d at 112. After stipulating that the State did not act in bad faith, appellee could not carry her burden.

The trial court abused its discretion in granting appellee's motion to suppress. The

---

1. We recognize that footnotes in court of criminal appeals opinions are merely dicta. *Young v. State,* 826 S.W.2d 141, 144 n. 5 (Tex.Crim.App. 1991). However, we consider the statement in

*Thomas* recognizing the additional element of bad faith when dealing with the State's failure to preserve potentially useful evidence is persuasive to our determination of this issue.

trial court incorrectly determined appellee did not have to show bad faith on the part of the police as an element of her claimed violation. The trial court should have applied the *Youngblood* standard. The record does not support the trial court's order because appellee stipulated that the police did not act in bad faith. We sustain the State's point of error.

We reverse the trial court's order granting appellee's motion to suppress. We remand the cause to the trial court for further proceedings.