Reversed and Remanded and Majority and Concurring Opinions filed June
28, 2007








 

Reversed and Remanded and Majority and Concurring Opinions
filed June 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00381-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

JOSE GARCIA VASQUEZ, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 38,762

 



 

 M A J O R I T Y   O P I N I O N








In this intoxication-manslaughter case, we decide whether
the trial court erred in suppressing the results of tests performed on a
defendant=s blood sample.  The trial court granted a pre-trial
motion to suppress this evidence based on the trial court=s conclusion that
the State violated the Texas
Constitution=s Due Course of Law Clause when the State destroyed the blood sample
before trial.  Contrary to the trial court=s ruling, we
conclude that, in this context, the Texas Constitution=s Due Course of Law Clause provides
the same protection as the United States Constitution=s Due Process Clause.  Because the blood
sample was not Amaterial, exculpatory evidence@ but only Apotentially useful
evidence,@ under both of these constitutional provisions, the
defendant/appellee had to show that the State destroyed his blood sample in bad
faith.  Because there is no evidence of bad faith, we reverse the trial court=s order
suppressing the test results.

I.  Factual and Procedural
Background 

While driving his vehicle on July 26, 2003, appellee Jose
Garcia Vasquez collided with another vehicle, resulting in the death of Randy
Clark.  Two hours after the collision, Vasquez=s blood was drawn
and thereafter tested for alcohol.  The test results indicated that Vasquez=s blood-alcohol
level was .12, which is above the legal limit for operation of a motor
vehicle.  A few months later, on October 17, 2003, Vasquez was charged with the felony offense of
intoxication manslaughter.  

Trial was initially set for April 13, 2004, but, by
agreement, the trial date was reset to June 22, 2004, and then reset again for
October 11, 2005.  In the interim, Robert Prince, a technician with the
Texas Department of Public Safety Crime Laboratory in Houston, Texas
(hereinafter ADPS Laboratory@), sent a letter
dated September 8, 2003, to Trooper Alfred Bee of the Texas Department of
Public Safety Highway Patrol.  The letter stated that Vasquez=s blood sample Acontained .12
grams of alcohol per 100 ml@ and that the Aevidence will be
retained until notified of the disposition.@  About a year
later, on September 20, 2004, before the case went to trial, Trooper Bee signed
a form authorizing the destruction of the blood sample.  He marked the Aguilty@ and Adestroy@ boxes on the form
even though the case had not yet been tried.  Trooper Bee later explained that
he signed this form because Asomeone at the District Attorney=s office@ informed him,
during a telephone conversation, that Vasquez had been found guilty.  On
November 5, 2004, upon Trooper Bee=s recommendation,
technicians Brenda Himes and Robert Prince of the DPS Laboratory destroyed
Vasquez=s blood sample. 








On September 13, 2005, almost two years after his
indictment, Vasquez filed a AMotion for Discovery of Experts and
Inspection@ requesting the State to disclose the names of its
experts, including experts expected to testify on Vasquez=s intoxication,
the results of any blood tests, and any expert opinions regarding
extrapolations of the results of the blood tests.  On the same day, Vasquez
also filed his first motion to suppress medical records and any blood-test
results.  Vasquez did not inquire about the blood sample or request its
production for independent testing.  A few weeks later, on September 30, 2005,
Vasquez filed an unopposed motion to continue the October 11, 2005 trial
setting because of another conflicting trial that had been reset due to
Hurricane Rita.  Trial was reset again for February 28, 2006.  Shortly before
that trial setting, the trial court conducted a pre-trial conference and
considered various pre-trial matters, including Vasquez=s motion to
suppress the blood-test results.  At that time, Vasquez=s counsel
indicated that he might want to have a defense expert review the blood-test
results and perhaps even retest the blood Aif it was still
available.@  However, Vasquez did not file a motion seeking to independently
test the blood or make any further inquiry.  Instead, Vasquez asked about the
possibility of discussing the blood-test results with the State=s expert, Robert
Prince.  Without a formal ruling from the trial court, the State agreed to make
Prince available for conference and to produce the State=s file relating to
the blood-test results.  Both parties indicated readiness to commence trial.








As agreed, a few days after the pre-trial conference,
Vasquez=s counsel
conferred with Prince, who, in the course of discussion, revealed that Vasquez=s blood sample had
been destroyed.  Upon hearing this news, Vasquez, for the first time in three
years, filed a AMotion to Discover, Inspect and
Independently Test the Blood Evidence.@  He also filed a
separate motion to suppress the results of all tests performed on his blood
sample, alleging that the State=s destruction of the blood sample violated
his rights under the
United States Constitution=s Due Process Clause (ADue Process Clause@) and also under the Due Course of Law Clause in Article
I, Section 19 of the Texas Constitution (ADue Course of Law Clause@).  On April 10, 2006, the trial court
held a hearing on these motions and then took the matter under advisement
pending its review of the evidence and case law.  The following week, the trial
court issued a written order suppressing Aevidence in the
medical records and the analysis of the blood evidence done by the Department
of Public Safety laboratory relating to the blood alcohol content of defendant=[s] blood.@

In its April 17, 2006 order, the trial court concluded that
the State destroyed the blood sample intentionally, knowingly, and
purposefully, but not in bad faith.  The trial court ruled that the State had a
duty to preserve the blood evidence.  The trial court found that Vasquez was
unable to obtain comparable evidence by other reasonably available means and
that the blood sample was Apotentially useful to the defendant.@  The State
requested and received a hearing to clarify the trial court=s ruling on the
motion to suppress.  At that hearing, on April 20, 2006, the trial court
indicated that the destruction of the blood evidence was intentional, in that
the State intended to destroy the blood sample, but the court  found no bad
faith on the part of the State because the blood sample was destroyed based on
the receipt of incorrect information.  The trial court stated at the hearing
that its ruling was based on the legal standard articulated by the Waco Court
of Appeals in  Pena
v. State, 166 S.W.3d 274 (Tex. App.CWaco 2005), vacated by 191
S.W.3d 133, 145B46 (Tex. Crim. App. 2006), an opinion the Court of Criminal
Appeals has since vacated. 

II.  Standard of Review








A trial court=s ruling on a
motion to suppress is reviewed for an abuse of discretion. Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  An abuse of discretion occurs when
the trial court=s decision is so clearly wrong as to lie
outside the zone of reasonable disagreement.  Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992).  The trial court=s findings of fact
are given almost total deference, and in the absence of explicit findings, we
presume the trial court made whatever appropriate implicit findings are
supported by the record. Carmouche v. State, 10 S.W.3d 323, 327B28 (Tex. Crim.
App. 2000).  However, the application of the relevant law to the facts is
reviewed de novo. Id. at 327.  Likewise, when the facts are undisputed
and we are presented with a pure question of law, de novo review is proper.  Oles,
993 S.W.2d at 106.  The trial court=s ruling must be
upheld if it is correct under any theory of law applicable to the case.  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 

III.  Analysis 

In challenging the trial court=s ruling on
Vasquez=s motion to
suppress, the State asserts the trial court abused its discretion in
suppressing the blood-test results because this evidence is not exculpatory and
because there is no evidence of bad faith.[1] 
The State argues that
the Due Course of Law Clause affords no greater protection than the Due Process
Clause.








In 
addressing  whether the pre-trial destruction of evidence constitutes a denial
of due process of law under the United States Constitution, the Supreme Court
of the United States has drawn a distinction between Amaterial, exculpatory evidence@ and Apotentially useful evidence.@  See Arizona v. Youngblood,
488 U.S. 51, 58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988).  A federal
due-process violation occurs whenever a state suppresses or fails to disclose
material, exculpatory evidence, regardless of whether the state acted in bad
faith.  Illinois v. Fisher, 540 U.S. 544, 547B48, 124 S. Ct. 1200, 1202, 157 L. Ed.
2d 1060 (2004).  However, the United States Supreme Court has held that, if a
defendant seeks to prove a federal due-process violation based on a state=s destruction of  potentially useful
evidence, as opposed to material, exculpatory evidence, the defendant must show
the state acted in bad faith in destroying the evidence.[2] 
Fisher, 540 U.S. at 547B48, 124 S. Ct. at 1202; Youngblood, 488 U.S. at 57B58, 109 S. Ct. at 337.  The Youngblood
court described potentially useful evidence as Aevidentiary material of which no more
can be said than that it could have been subjected to tests, the results of
which might have exonerated the defendant.@  Id, 488 U.S. at 57B58, 109 S. Ct. at 337.  The State=s testing showed that the blood
sample at issue in this case was inculpatory, not exculpatory.  Even if Vasquez
asserts that further testing would have produced exculpatory results, on this
record, nothing more can be said of the blood sample than that it could have
been subjected to tests, the results of which might have exonerated Vasquez.  Therefore, the
blood sample the State destroyed is potentially useful evidence rather than
material, exculpatory evidence.  Because the evidence the State destroyed was potentially useful evidence and because the
trial court found that it was not destroyed in bad faith, under Youngblood,
the trial court would have had to deny Vasquez=s motion to
suppress had that been the only basis asserted in the motion.

Vasquez,
however, also sought to suppress the evidence in question based on the Due
Course of Law Clause, and the trial court indicated that it was following the
Waco Court of Appeals=s opinion in Pena v. State in granting Vasquez=s motion to suppress.  See 166
S.W.3d 274 (Tex. App.CWaco 2005) (hereinafter, APena I@), vacated,  191 S.W.3d 133,
145B46 (Tex. Crim. App. 2006) (vacating
and remanding opinion back to court of appeals).  In Pena I, the Waco
Court of Appeals held that the Due Course of Law Clause provides a greater
level of protection than the Due Process Clause.  See U.S. Const. amends. V, XIV, '1; Tex.
Const. art . I, ' 19; Pena I, 166 S.W.3d at 278B82.  Based on this conclusion, the
Pena I court held that under the Due Course of Law Clause, if the state
destroys potentially useful evidence and the defendant would be unable to
obtain comparable evidence by other reasonably available means, then, upon a
motion by the defendant to determine the consequences, if any, of this
destruction, the trial court must consider the following factors:

(1)       the degree of negligence involved,

(2)       the significance of the destroyed evidence considered in
light of the probative value and reliability of secondary evidence that remains
available,  and 








(3)       the sufficiency of the other evidence used at trial to
support the conviction.   

Pena I, 166 S.W.3d at 281B82.  According to Pena I, if,
after considering these factors, the trial court concludes that a trial without
the missing evidence would be fundamentally unfair, the trial court may then
determine the appropriate measures needed to protect the defendant=s rights, such as instructing the
jurors that they may infer that the missing evidence would have been favorable
to the defense or dismissing the charges.  Considering these three factors, the
Waco Court of Appeals held that the trial court had violated Pena=s rights under the Due Course of Law
Clause, even though there was no evidence of bad faith on the part of law
enforcement officials.  Id. at 280B83.  Therefore, the Pena I
court reversed the trial court=s judgment and remanded for further proceedings.[3] 
Id. at 283.    

At the
time of the April 20, 2006 hearing in the instant case, Pena I was still
pending before the Court of Criminal Appeals.  However, six days after this
hearing, the Court of Criminal Appeals issued its opinion in Pena II and
vacated the judgment in Pena I.  See Pena II, 191 S.W.3d at 145B46.  The Court of Criminal Appeals
held that the Waco Court of Appeals erred by reviewing unassigned error
regarding the Due Course of Law Clause without requesting additional briefing
thereon.  See id.








On remand, the Waco Court of Appeals in Pena III
again held that the Due
Course of Law Clause provides a greater level of protection than the Due
Process Clause.  See U.S. Const.
amends. V, XIV, '1; Tex. Const.
art . I, ' 19; Pena v. State, No. 10-03-00109-CR, CS.W.3dC,C, 2007 WL 1289426,
at *2B16 (Tex. App.CWaco May 2, 2007,
pet. filed).  The Pena III court held that, under the Due Course of Law Clause, the State has
a duty preserve both material, exculpatory evidence and potentially useful
evidence.  See Pena III, 2007 WL 1289426, at *13.  To determine whether the
loss or destruction of potentially useful evidence violates the Due Course of
Law Clause, the Pena III court adopted the legal standard employed by
the Delaware Supreme Court for the due process protections of the Delaware
Constitution.  See id. at *13B16.  Under this
standard, to determine if the state has violated the defendant=s right to due
process under the state constitution, courts balance the following factors:

(1)     whether the evidence would have been subject
to discovery or disclosure,

(2)     if so, whether the state had a duty to
preserve the evidence, and

(3)     if there was a duty to preserve, whether
that duty was breached, and what consequences should flow from the breach.

See
id.
at *13B14.  With regard
to the third element of this analysis, courts draw a balance between the nature
of the state=s conduct and the degree of prejudice to the accused. 
See id. Under this analysis, the state must justify the conduct of the
police or prosecutor, and the defendant must show how his defense was impaired
by loss of the evidence.  See id.  In general terms, courts applying
this analysis should consider:

(1)     the degree of negligence or bad faith
involved, 

(2)     the importance of the lost evidence, and 

(3)     the sufficiency of the other evidence
adduced at the trial to sustain the conviction.

See
id.
at *14.  After applying this analysis to determine if the state violated the
Due Course of Law Clause, a court finding a violation then would have to
perform a constitutional harm analysis. See id. at *17.  If a court
determines then that harmful constitutional error has occurred, the court
should choose from three potential remedies for the loss or destruction of this
evidence: (1) dismissal, (2) exclusion of related evidence, or (3) an
adverse-inference jury instruction.  See id. at *18.  Applying this
analysis, the Pena III court reversed and remanded based on its
determination that harmful constitutional error had occurred and that the
appropriate remedy was an adverse-inference jury instruction. See id. at
*16B19.   








To adjudicate this appeal, we must determine whether the Due Course of Law Clause provides a
greater level of protection than the Due Process Clause regarding the State=s pre-trial destruction of
potentially useful evidence in a criminal prosecution.  Beginning with
the relevant texts of the two clauses, we note that, under the Due Course of
Law Clause, A[n]o citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised,
except by the due course of the law of the land.@  Tex. Const. art. I, ' 19.  Under the
Due Process Clause, ANo State shall make or enforce any law which shall abridge
the privileges or immunities of citizens of the United States; nor shall any
State deprive any person of life, liberty, or property, without due process of
law . . . .@  U.S. Const. amend. XIV, '1.  The Texas Constitution uses the
words Adue course of the
law of the land@ instead of Adue process of
law,@ and the Due
Process Clause does not specifically mention disfranchisement.  Otherwise, the
wording of the two provisions is substantially similar.  Disfranchisement means
Athe act of taking
away the right to vote in public elections from a citizen or class of citizens.@  Black=s Law Dictionary 480 (7th ed. 1999).  Vasquez
asserts that the reference to disfranchisement is a textual indication of a
broader scope to the Due Course of Law Clause.  However, presuming without
deciding that disfranchisement is not one of the privileges or immunities covered by the Due Process Clause,
that would mean only that the Due Course of Law Clause applies to more types of
deprivations than does the Due Process Clause.  Because this case involves an
attempt to deprive Vasquez of his liberty, this potential difference in the two
provisions is not relevant to the issue at hand.  The State=s attempt to
deprive Vasquez of his liberty triggers the requirement of due course of law
under the Texas Constitution and due process under the United States
Constitution.  Therefore, the only words from the two constitutions that relate
to the scope of the protections provided are Adue course of the
law of the land@ and Adue process of law.@  Black=s Law Dictionary defines Adue course of law@ as a synonym of Adue process.@ See Black=s Law Dictionary 516 (7th ed. 1999).   Furthermore, this court has held
that the Due Course of Law Clause generally does not provide any greater
protection than the Due Process Clause.[4]  See
Rodriguez v. State, 21 S.W.3d 562, 568 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 








In
addition, eight other Texas courts of appeals, including the Waco Court of
Appeals, have held that the Due Course of Law Clause does not provide a greater
level of protection than the Due Process Clause regarding the State=s loss or destruction of evidence in
a criminal prosecution.  See Alvarado v. State, No. 07-06-0086-CR, 2006
WL 2860973, at *3 (Tex. App.CAmarillo Oct. 9, 2006, no pet.) (not designated for
publication) (declining to follow decision in Pena I and holding that
Due Process Clause and Due Course of Law Clause provide the same protection as
to the state=s destruction of potentially useful evidence); McGee v. State, 210
S.W.3d 702, 705 (Tex. App.CEastland 2006, no pet.) (same);  Salazar v. State, 185
S.W.3d 90, 92 (Tex. App.CSan Antonio 2005, no pet.) (same); Jackson v. State,
50 S.W.3d 579, 588B89 (Tex. App.CFort Worth 2001, pet. ref=d)  (holding that both Due Course of
Law Clause and Due Process Clause require showing of bad faith by state in failing
to preserve potentially useful evidence); Williams v. State, 946 S.W.2d
886, 893 & n.4 (Tex. App.CWaco 1997, no pet.) (concluding that state=s loss of videotape showing appellant=s performance of sobriety tests did
not violate Due Process Clause or Due Course of Law Clause because there was no
evidence of bad faith by state); Mahaffey v. State, 937 S.W.2d 51, 53
(Tex. App.CHouston [1st Dist.] 1996, no pet.) (holding that state=s erasing of videotape of sobriety
tests did not violate Due Process Clause or Due Course of Law Clause because
there was no evidence of bad faith by state); State v. Rudd, 871 S.W.2d
530, 532B33 (Tex. App.CDallas 1994, no pet.) (holding that
Due Process Clause and Due Course of Law Clause provide the same protection as
to state=s destruction of potentially useful
evidence); Saldana v. State, 783 S.W.2d 22, 23 (Tex. App.CAustin 1990, no
pet.) (same as Jackson) but see Pena III, 2007 WL 1289426, at *2B14; Pena I, 166 S.W.3d at 278B82.  








Other than the Waco Court of Appeals=s opinions in Pena
I and Pena III, no Texas appellate opinion contradicts the above precedents
from eight intermediate courts.  In Pena III, the Waco Court of Appeals
acknowledged that its holding contradicts the text of the Due Course of Law
Clause, the intent of the framers of the Texas Constitution, the holdings of
seven Texas courts of appeals, and decisions in twenty-three other states.  See
Pena III, 2007 WL 1289426, at *3B6, 9. 
Nonetheless, the evolution of due process jurisprudence, practical
considerations, and considerations of Afundamental
fairness@ convinced the Pena
III court to adopt broader protections under the Due Course of Law Clause
and to follow the decisions of courts in twelve other states in cases
interpreting those states= constitutions.  See id. at *2B16.  After considering the opinions in Pena
I and Pena III, we respectfully decline to follow them.  We agree
with the decisions of the eight Texas courts of appeals which hold that the Due
Course of Law Clause provides the same protection as the Due Process Clause
regarding the State=s destruction of potentially useful evidence in a criminal
prosecution.  Therefore, to show a violation, Vasquez had to have shown that
the State acted in bad faith.  Fisher, 540 U.S. at 547B48, 124 S. Ct. at 1202; Youngblood,
488 U.S. at 57B58, 109 S. Ct. at 337.  However, the trial court found that the State did
not act in bad faith in destroying the evidence in question, and there is no
evidence to the contrary in our record.  Accordingly, the trial court erred in
finding a violation of the Due Course of Law Clause and in granting Vasquez=s motion to suppress. 

                                                             IV.
Conclusion








Unquestionably,
the State has an important duty to preserve evidence in its possession. It is
incumbent upon the State to act diligently and carefully in preserving blood
and other biological evidence for the accused=s use in pending or reasonably
foreseeable litigation.  Because preserved evidence can help solve cases and
exonerate the innocent, law enforcement officials should take extra precautions
to ensure that all procedures are followed carefully before destroying
evidence.  Safeguarding biological evidence in criminal cases is crucial
because it can provide the best evidence of innocence or guilt.  Likewise, the
failure to preserve biological evidence is problematic not only because it
deprives the accused of the opportunity to test the evidence but also because
the untimely destruction of potentially useful evidence tends to undermine the
integrity of our system of justice.  Nonetheless, not all failures to preserve
evidence in criminal cases result in the deprivation of constitutional rights. 

The text
of the Due Process Clause and the Due Course of Law Clause, as well as many
Texas court opinions interpreting them, show that the respective provisions
from our federal and state constitutions provide the same protections in this
context.  Because the sole basis for the trial court=s ruling was an incorrect legal
conclusion (based on the Waco Court of Appeals=s opinion in Pena I) that the
Due Course of Law Clause provides greater protection than its federal
counterpart, the trial court erred in suppressing the evidence, and we must
reverse the trial court=s order.  Although this court by no means condones the
pre-trial destruction of evidence (exculpatory or otherwise) without prior
notice to the defendant, the law and the record evidence compel us to sustain
the State=s sole issue, reverse the trial court=s order granting the motion to
suppress, and remand this case to the trial court for further proceedings
consistent with this opinion. 

 

 

 

 

/s/        Kem Thompson Frost

            Justice

 

Judgment rendered and Majority and Concurring Opinions
filed June 28, 2007.

Panel consists of Justices Frost, Seymore, and Guzman
(Seymore, J., concurring).

Publish C Tex. R. App. P. 47.2(b).









[1]  As thus far there has been no trial, this appeal
presents no issue regarding how the trial court should instruct any jury before
whom this case may be tried.





[2]  The State in its appellate brief in this case and
various Texas intermediate courts in their opinions have failed to note this
distinction and incorrectly have indicated that, to show a due-process
violation regarding destroyed evidence, a defendant must show both that the evidence
was (1) favorable and material and (2) destroyed in bad faith.  See, e.g.,
McDonald v. State,  863 S.W.2d 541, 543 (Tex. App.CHouston [1st Dist.] 1993, no pet.).





[3]  The Pena I court apparently left it to the
trial court on remand to decide the appropriate remedy for the Aviolation of the Texas Constitution@ the Pena I court concluded had occurred.  Id.
at 283. 





[4]  The  Supreme Court of Texas also has stated that the
language of these two clauses is Anearly
identical@ and that there is no meaningful distinction between Adue course@
and Adue process.@  See
Univ. of Texas Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995).