

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00195-CR

DEKEIMUS JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 42,168-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

Dekeimus Jones was charged with stealing Joan Pemberton's purse September 29, 2012, in a Walmart parking lot.[1] Jones entered an open plea of guilty and was sentenced to twenty-two months' confinement in a state jail facility.[2] Jones filed an unsuccessful motion for new trial, alleging, in relevant part, that the State failed to obtain and preserve a parking-lot security video recording of the incident. In a single point of error, Jones argues that the trial court erred by denying his motion for new trial because the State negligently failed to obtain and preserve the video recording and thus violated his Texas constitutional right to due course of law. We disagree.

We review a trial court's decision to deny a motion for new trial by first determining whether there has been an abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). We reverse only if the trial court's decision was clearly erroneous and arbitrary. *Id*. In making this determination, we give almost total deference to the trial court's determination of the historical facts and of mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Rodriguez v. State*, 191 S.W.3d 428, 453 (Tex. App.— Corpus Christi 2006, pet. ref'd). We review de novo questions of law, as well as mixed

---

[1]On the day in question, between 12:30 and 1:00 p.m., after shopping at the Longview, Texas, Walmart, Pemberton was transferring her items from her shopping cart to her parked car. Jones, in the car parked next to Pemberton's, got out of his car and, in doing so, hit Pemberton with his car door. Pemberton claimed that Jones grabbed her purse from her shopping cart and ran. Jones claimed that Pemberton hit him with her purse, and his arm got tangled in the purse's strap as he ran. Bystanders apprehended Jones and held him for police. Jones' premise is that, if a video recording had been preserved, it could have demonstrated his innocence.

[2]The offense of theft is unlawfully appropriating property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). That theft becomes a state jail felony if the property is taken from the immediate possession of another, as happened here. TEX. PENAL CODE ANN. § 31.03(e)(4)(B) (West Supp. 2013); *see Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).

2

questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Rodriguez*, 191 S.W.3d at 453. Since there are no findings by the trial court, we presume all findings in support of its denial. *Okonkwo*, 398 S.W.3d at 694. If any reasonable view of the record would support the trial court's ruling, the trial court did not abuse its discretion. *Id.*

Finding no abuse of discretion in the denial of Jones' motion for new trial, we affirm the trial court's judgment. Our conclusion is based on two independent conclusions. First, the trial court could have reasonably concluded that no video recording existed or that, if one existed, the State was not at fault for its absence. Second, the trial court could have reasonably found that the State did not, in bad faith, deny Jones access to a recording.

*(1)     The Trial Court Could Have Reasonably Concluded that No Video Recording Existed or that, if One Existed, the State Was Not at Fault for Its Absence*

The following evidence was adduced at the hearing on Jones' motion for new trial. In May 2013, about a month before Jones' guilty plea, the State gave Jones' counsel a discovery compliance form, and under the heading "PHYSICAL EVIDENCE," a box is checked indicating "Video available – contact Tracy Robertson," a clerk in the district attorney's office who made copies of video evidence when attorneys requested it from the State's office. Robertson testified that she never had a video recording regarding the Jones case. Assistant District Attorney Tanya Reed testified that she prepared the discovery compliance form and that she checked the "video available" box based on the notes in Longview Police Detective Melissa Dobbs' case report.

On September 30, 2012, the day after the alleged purse snatching, the case was assigned to Dobbs. Dobbs knew that Walmart might have a video recording of the incident, and having dealt with them before, she knew that she had "some time" to request the recording because it

was her understanding that either Walmart or Target held their video recordings for ninety days. However, Suzette Sparks, an asset protection associate with the Longview Walmart in question, testified that not all areas of the parking lot are covered by cameras and that the video footage from cameras is saved on the store's hard drive for thirty days "and then it goes away."

Dobbs noted in her report that, on November 1, 2012, she contacted Walmart and requested to speak with Sparks to request a copy of the video, but when she still had not received a copy of it by November 16, 2012, she decided that the case against Jones would be filed without any video evidence. Dobbs testified that she asked for the video, but never received it.

The State received the police report, including Dobbs' notation mentioning the possibility of a video, at some point between November 20, the day after the report was filed, and December 18, the day Jones was indicted. On December 3, 2012, the district attorney's office emailed Dobbs, asking if she ever obtained the "parking lot video," and Dobbs denied ever receiving a video despite asking for it twice. The next day, one of the State's investigators, Hall Reavis, called Sparks asking about the video, but was told that there was no video of the incident and that, to her recollection, she had never been contacted about one.

At the hearing, Sparks testified that she could not remember if anyone contacted her in November or December 2012. She had surgery in the weeks before the incident, and she was not sure whether she had returned to work by the time requests were reportedly made.

From the above evidence, the trial court could have found that no video recording existed showing what happened relative to the charges against Jones. The trial court could have also

4

concluded that, even if there had been such a recording, the State was not to blame for its absence.

*(2)     The Trial Court Could Have Reasonably Found that the State Did Not in Bad Faith Deny Jones Access to a Recording*

In order to show a violation of due process when the State loses, destroys, or fails to preserve potentially useful evidence, a defendant must allege and prove that the State acted in bad faith. *Youngblood*, 488 U.S. at 58. Rather than acceding to the bad-faith standard of the Federal Due Process Clause, Jones argues that, under the Texas Constitution's Due Course of Law Clause, he has to prove only negligence. For that proposition, Jones relies on one opinion that held that Texas' Due Course of Law Clause provides greater protections than the Federal Due Process Clause, and that, once the reviewing court determines that the State breached its duty to preserve the evidence, the court should consider the degree of negligence, the importance of the lost evidence, and the sufficiency of other evidence to prove the case. *See Pena v. State*, 226 S.W.3d 634, 653 (Tex. App.—Waco 2007), *rev'd for lack of preservation by Pena v. State*, 285 S.W.3d 459 (Tex. Crim. App. 2007) (due-course-of-law issue not preserved). The problems with Jones' position are that the opinion on which he relies was completely effaced by the Texas Court of Criminal Appeals' procedural reversal and, even if it still stood, it would stand alone against other Texas precedent.

Under the Due Course of Law Clause, "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. Under the Due Process Clause, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens

5

of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. XIV, § 1. The Texas Constitution uses the words "due course of the law of the land" instead of "due process of law," and the Due Process Clause does not specifically mention disfranchisement. Otherwise, the wording of the two provisions is substantially similar. The language of these two clauses is "nearly identical," and there is no meaningful distinction between "due course" and "due process." *See Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

Eight other Texas Courts of Appeals have held that the Due Course of Law Clause provides no greater protection than the Due Process Clause regarding the State's loss or destruction of evidence in a criminal prosecution. *State v. Vasquez*, 230 S.W.3d 744 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see McGee v. State*, 210 S.W.3d 702, 705 (Tex. App.—Eastland 2006, no pet.) (same); *Alvarado v. State*, No. 07-06-0086-CR, 2006 WL 2860973, at *3 (Tex. App.—Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication) (declining to follow *Pena*; Due Process Clause and Due Course of Law Clause provide same protection regarding State's destruction of potentially useful evidence); *Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.) (same); *Jackson v. State*, 50 S.W.3d 579, 588–89 (Tex. App.—Fort Worth 2001, pet. ref'd) (both Due Course of Law Clause and Due Process Clause require showing of bad faith by State in failing to preserve potentially useful evidence); *Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (State's erasing videotape of sobriety tests did not violate Due Process Clause or Due Course of Law Clause because no evidence of State's bad faith); *State v. Rudd*, 871 S.W.2d 530,

6

532–33 (Tex. App.—Dallas 1994, no pet.) (Due Process Clause and Due Course of Law Clause provide the same protection as to State's destruction of potentially useful evidence); *Saldana v. State*, 783 S.W.2d 22, 23 (Tex. App.—Austin 1990, no pet.) (same as *Jackson*).

We agree with the decisions of our sister courts and reject the superseded negligence standard espoused by the court of appeals in *Pena*. *See Pena*, 226 S.W.3d at 653. Therefore, Jones had to prove the State acted in bad faith in failing to preserve the video recording. Dobbs requested the video about one month after being assigned the case, and in the following days and weeks, Dobbs, Reed, and others in the district attorney's office, made follow-up inquiries into the existence of a video recording. While Dobbs was incorrect in her belief that Walmart would save the video footage for more than thirty days, at worst, that error amounts to negligence. Here, there is no allegation or evidence that the State acted in bad faith.

Accordingly, the trial court did not abuse its discretion by denying Jones' motion for new trial. We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     April 24, 2014
Date Decided:       June 17, 2014

Publish

7