# 845-15

**FORM 90A.100.1 Petition for Discretionary Review**
NO.03-13-00371-CR
IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS
DOUGLAS FARIRAYI

_____/

Petitioner

v.

THE STATE OF TEXAS

Petition in Cause No. 03-13-00371-CR from the
THIRD Court of APPEALS_TRAVIS County, Texas and
the Court of Appeals for the
THIRD District of Texas

## PETITION FOR DISCRETIONARY REVIEW

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk


FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

DOUGLAS FARIRAYI
_2619 FM 3158
_512-663-8427

_____ [State Bar identification number]
ATTORNEY FOR PETITIONER
_SHANNON HOOKS

TABLE OF CONTENTS
Index of                                                              Page
Authorities.................
Statement Regarding Oral                                             Page
Argument..................
Statement of the                                                     Page
Case..................
Statement of Procedural                                              Page
History..................
Ground for Review..................                                  Page

[*Summarize, e.g.*, The trial court erred in refusing to            Page
grant the petitioner's requested instruction on the right
to remain silent at trial.]

Reason for Review..................                                  Page
Prayer for Relief..................                                  Page

Appendix.................                                                    Page

INDEX OF AUTHORITIES
CASE LAW
[*List cases in alphabetical order and each page on which the case appears.*]
CONSTITUTIONS
[*List United States Constitution first and Texas Constitution second. List specific constitutional references in numerical order. List the pages on which the authorities are cited.*]
STATUTES AND RULES
[*List federal statutes first, followed by Code of Criminal Procedure, Penal Code, Revised Civil Statutes, Texas Rules of Criminal Evidence, and Texas Rules of Appellate Procedure. List statutes in numerical order. List the pages on which the authorities are cited.*]
TEXTS
[*List texts in alphabetical order. List the pages on which the authorities are cited.*]

NO. _03-13-00371-CR
IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS

Petitioner
v.
THE STATE OF TEXAS

Petition in Cause No.03-13-00371-CR from the
THIRD  Court of APPEALS County, Texas and
the Court of Appeals for the third court of appeals
Supreme Judicial District of Texas

**PETITION FOR DISCRETIONARY REVIEW**
**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:**

DOUGLAS FARIRAYI, petitions the Court to review the judgment affirming HIS[his *or* her] conviction for _DRIVING WHILE INTOXICATED [*offense*] in Cause No. _03-13-00371-CR.

## STATEMENT REGARDING ORAL ARGUMENT

[*Set forth reasons why oral argument would be helpful if petition granted, e.g.,* The ground for review set forth in this petition concerns the conflicting opinions of different courts of appeals on the same point of law, and oral argument would be helpful to the Court in distinguishing these authorities and arriving at the approach that is consistent with prior opinions of this Court].

## STATEMENT OF THE CASE

*DRIVING WHILE INTOXICATED.,* The petitioner was convicted by a jury of the offense of DRIVING WHILE INTOXICATED of guilty; the punishment was assessed by the jury at NINETY DAYSIN PRISON AND EIGHT YEARS OF COMMUNITY SERVICE. This conviction was affirmed by the Court of Appeals for the THIRD DISTRICT OF APPEALS District on _23rd June 23rd JUNE,2015

## GROUND FOR REVIEW

The court of appeals did not consider the deletion of the video as harmful to my case .Actualy it did harm my case because the Jury did not get to understand why I was shaking in the video ,Reasons tied to my medical condition.

## REASON FOR REVIEW

The Officer made the Jury believe I was so drunk that I could not open my drivers side window.That is not true.I opened the moon roof and told him my window was broken.I bought the vehicle with a defected window.I have the address for the previous owner and he can witness that.

When I was stopped by the Officer I told him that I have a health condition that makes me shake and sweat very badly at times.I also told him it is not because I am drunk.I went ahead and told him that the same thing happened in 1994 when I was stopped by a policeman because of a bad headlight.I started shaking and sweating badly .I failed the sobriety test and I was taken to the Police station.Tests were done and I was told I was drunk.As I argued that I wasn't,One officer came from the background and told me I was not drunk.He took me to the car pound and released my car at no cost to me.He told me he was just doing his job.

Officer claims that I was driving on the other side of the road.That is not true .I dogged an object in the road by quickly crossing the yellow line and went back to my lane quickly.

In the video the Officer asked if I was from Nigeria?I knew what he was saying.When I was getting into the patrol car He mentioned you fuckin Nigerian.I knew what he was saying.

Mrs Kelly Gler My procecutor is the one I heard whispering to the policeman that she deleted the parts of the video where I was telling the officer about my health condition as well as my previous encounter with a policeman who suspected I was drunk.

All what was deleted from the video is all I wanted to testify and let the jury have a clear understanding.I ended up with nothing to say much because all the above had been deleted.

I am asking for an re-trial so that the Jury can judge this case fairly .

## PRAYER FOR RELIEF

For the reason herein alleged, the petitioner was denied a fair trial in Cause No. 03-03-03_

03-13-00371-CR Therefore, petitioner prays this Court grant this petition, and upon reviewing the judgment entered below, reverse this cause and remand it for a new trial.

Respectfully submitted,

_____ [signature]

DOUGLAS FARIRAYI

2619 FM 3158  DALE TEXAS 78616

512-376-3249

_____ [State Bar identification number] Attorney for Petitioner

## APPENDIX

_____ [Copies of any opinions delivered by court of appeals on rendering judgment for which discretionary review is sought]

## CERTIFICATE OF SERVICE

This is to certify that copies of the above-entitled and numbered petition for review have been served on both the District Attorney of _____ County, Texas, and the State Prosecuting Attorney, by delivery of a true copy to them _____ in person on the _____ day of _____, _____ or by mail, by depositing same, postpaid, in an official depository under the care and custody of the United States Postal Service on the _____ day of _____, _____, enclosed in a wrapper properly addressed

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00371-CR

**Douglas Farirayi, Appellant**

v.

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-11-206200, HONORABLE JIM CORONADO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Douglas Farirayi appeals his conviction for the offense of felony driving while intoxicated. *See* Tex. Penal Code §§ 49.04, .09(b). In one issue, he contends that his due process rights were violated because the prosecution destroyed exculpatory evidence. *See* U.S. Const. amends. V, XIV, § 1. For the reasons that follow, we affirm.[1]

## BACKGROUND

On November 19, 2011, at around 2:00 a.m., a police officer initiated a traffic stop after observing the vehicle that appellant was driving cross into the oncoming lanes of traffic "[f]or at least three blocks" before it returned to the correct lanes of traffic. After observing appellant at

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

the traffic stop, the officer called for assistance from the "DWI enforcement unit." An officer from that unit arrived and performed field sobriety tests on appellant. Appellant was arrested for DWI and agreed to give a blood sample.

Appellant was indicted, and the matter proceeded to jury trial in April 2013. The State's witnesses were the officer who initiated the traffic stop, the officer who administered the field sobriety tests, the phlebotomist who drew appellant's blood, and the forensic chemist who testified about the results of appellant's blood test that showed "0.194 grams of ethanol per 100 milliliters of blood." *See* Tex. Penal Code § 49.01(2) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more"). The exhibits admitted at trial included the video recording of the field sobriety testing of appellant. The video recording of the initial stages of the traffic stop, however, no longer existed. The officer who initiated the traffic stop testified that the department "had VHS tapes at the time and the tape wasn't deemed evidentiary in value. And it was only retained for 90 days and then wiped out." The officer testified that, at that time, recordings began when the overhead lights were activated and "did not back up" and that he did not activate his overhead lights until the vehicle had crossed back into the correct lanes of traffic "so there was no recording of [appellant] being over in the oncoming lanes."

Appellant's defensive theory at trial was that he was not intoxicated, and he testified in his own defense. According to appellant, he drank one beer that evening and had difficulty with the field sobriety tests, not because he was intoxicated, but because he did not understand the officer's instructions and because he was nervous and afraid of the police. He explained that the reason he crossed over into the oncoming lanes of traffic was because he "saw an object in the road,

2

it was a small object, and [he] just dodged it," and he confirmed that, by doing so, he ended up on the wrong side of a concrete divider. He also challenged the accuracy of the blood test results through cross examination of the State's witnesses about the procedures and testing of his blood samples and his own testimony that he drank only one beer that evening and agreed to give a blood sample.

The jury found appellant guilty, assessed his punishment at confinement for a term of eight years, and recommended that the imposition of sentence be suspended and that appellant be placed on community supervision. The trial court thereafter rendered judgment, and this appeal followed.

## ANALYSIS

In one issue, appellant contends that his due process rights were violated because the prosecution destroyed the video recording of the initial stages of the traffic stop. *See* U.S. Const. amend. V, XIV.[2] Appellant urges that the "officer determined that the video was of no value because it did not support his narrative" and that "the evidence would be exculpatory, and therefore favorable to the defense."

---

[2] Although appellant cites article I of the Texas Constitution, he does not provide separate analysis or contend that the protections afforded under that article are greater than that afforded under the federal due process clause concerning lost or destroyed evidence. *See* Tex. Const. art. I, §§ 10 (rights of accused in criminal prosecutions), 19 (due course of law); *Jones v. State*, 437 S.W.3d 536, 540 (Tex. App.—Texarkana 2014, pet. ref'd) (collecting cases that hold that "the Due Course of Law Clause [of Texas Constitution] provides no greater protection than the Due Process Clause regarding the State's loss or destruction of evidence in a criminal prosecution"). Thus, we limit our analysis to the federal standard.

We conclude that appellant has failed to demonstrate reversible error on this record. Moreover, he does not show that he preserved his issue by making this argument to the trial court. Although he was aware that the video recording of the initial stages of the traffic stop no longer existed and questioned the State's witnesses about it, he failed to raise his due process argument before the trial court. *See* Tex. R. App. P. 33.1(a)(1) (generally requiring complaint to be made to trial court as prerequisite to presenting complaint for appellate review); *Neal v. State*, 150 S.W.3d 169, 175, 178 (Tex. Crim. App. 2004) (concluding that due process claim not preserved because appellant failed to raise claim before trial court).

Appellant also analyzes his issue under the wrong standard. Appellant analyzes his issue under the framework of *Brady v. Maryland*, 373 U.S. 83 (1963).[3] But the standard concerning lost or destroyed "potentially useful evidence" applies here. *See Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Under that standard, the State's failure to preserve "potentially useful evidence" does not constitute a denial of due process unless a defendant can show bad faith on the part of the State. *See Fisher*, 540 U.S. at 547–48; *Youngblood*, 488 U.S. at 58; *see also Gutierrez v. State*, 419 S.W.3d 547, 552 (Tex. App.—San Antonio 2013, no pet.) (noting distinction drawn by United States Supreme Court between "material exculpatory evidence" and "potentially useful evidence").

---

[3] Under the framework of *Brady*, "the suppression by the prosecution of evidence favorable to a defendant violates due process if the evidence is material either to guilt or punishment, without regard to the good or bad faith of the prosecution." *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

4

Appellant has not alleged and did not offer evidence before the trial court that would support a finding that the police acted in "bad faith" concerning the video recording. Although the video recording of the initial stages of the traffic stop might conceivably have been useful to the defense's theory that appellant was not intoxicated because it would have allowed the jury to observe appellant prior to the field sobriety testing and to compare those observations with the officer's description of appellant's conduct during that time period, the evidence showed that the tape containing the video recording was erased after being retained for 90 days in accordance with the department's retention policy.

The officer who initiated the traffic stop testified at trial that he turned the tape that contained the recording in to the evidence room. The officer further explained the department's retention policy as follows:

> Everything was retained at the time for at least a period of 90 days. Had it been deemed evidentiary, it could have been retained and that would have been from the court system or the DWI unit or anybody else. I'm not the final judge of whether it was evidence or not. My decision could be overridden if it had been deemed necessary.

Consistent with the retention policy, the officer testified that the tape containing the video recording was retained for 90 days and then "wiped out" after "the tape wasn't deemed evidentiary in value." The officer explained that the recording did not begin until after appellant's vehicle had returned to the correct lanes of traffic so it did not capture the traffic violation. Appellant also did not challenge the legality of the traffic stop and admitted during his testimony that his vehicle crossed into the oncoming traffic lanes.

On this record, we conclude that appellant failed to show "bad faith" by the police and, therefore, that the State's failure to preserve the video recording did not deprive appellant of his right to due process. *See Jones v. State*, 437 S.W.3d 536, 540–41 (Tex. App.—Texarkana 2014, pet. ref'd) (concluding that defendant's due process rights were not violated because "no allegation or evidence that the State acted in bad faith" when it failed to preserve video recording); *Jackson v. State*, 50 S.W.3d 579, 588–89 (Tex. App.—Fort Worth 2001, pet. ref'd) (concluding that appellant failed to show a due process violation because he failed to prove that State acted in bad faith when it failed to preserve evidence); *Williams v. State*, 906 S.W.2d 58, 61 (Tex. App.—Tyler 1995, pet. ref'd) (determining that appellant did not offer any evidence of bad faith where prosecutor testified that video tape was destroyed pursuant to policy).

## CONCLUSION

Because we conclude that appellant has failed to demonstrate reversible error, we overrule his issue and affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 23, 2015

Do Not Publish

6