ACCEPTED
11-17-00098-cr
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
7/14/2017 2:58 PM
SHERRY WILLIAMSON
CLERK

# NO. 11-17-00098-CR

## IN THE COURT OF APPEALS

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS

## ELEVENTH JUDICIAL DISTRICT OF TEXAS

7/14/2017 2:58:55 PM

SHERRY WILLIAMSON
Clerk

## AT EASTLAND, TEXAS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## JASON BERNARD MATTHEWS,

Appellant,

## V.

## THE STATE OF TEXAS,

Appellee.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## On Appeal From
## The 42nd District Court of Taylor County, Texas
## Honorable James Eidson, Presiding Judge
## Trial Court Cause Number 26935-A

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## STATE'S BRIEF

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**James Hicks**
**Criminal District Attorney**
**Taylor County, Texas**
**300 Oak Street, Suite 300**
**Abilene, Texas  79602**
**325-674-1261**
**325-674-1306 FAX**

BY: **Britt Lindsey**
**Assistant District Attorney**
**300 Oak Street, Suite 300**
**Abilene, Texas  79602**
**State Bar No. 24039669**
**LindseyB@taylorcountytexas.org**

## THE STATE WAIVES ORAL ARGUMENT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## JASON BERNARD MATTHEWS

## V.

## STATE OF TEXAS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**   Jason Bernard Matthews        **Appellee:** The State of Texas

**Trial Attorney for Appellant:**        **Attorney for State:**

Bob Lindsey                                       Luke Davis
Attorney at Law                                Assistant District Attorney
342 Chestnut                                     Taylor County Courthouse
Abilene, Texas 79602                       300 Oak St., Suite 300
                                                        Abilene, Texas 79602

**Appellate Attorney for Appellant:**        **Appellate Attorney for State:**

Jenny Henley                                     Britt Lindsey
Attorney at Law                                Assistant District Attorney
702-A Hickory St.                              Taylor County Courthouse
Abilene, Texas 79601                       300 Oak St., Suite 300
                                                        Abilene, Texas 79602

**Presiding Judge**

Honorable James Eidson
42nd District Court
Taylor County Courthouse
300 Oak St.
Abilene, Texas 79602

# TABLE OF CONTENTS

Identity of Parties and Counsel..............................................................i

Table of Contents...................................................................................ii

Index of Authorities............................................................................ iv

Statement of the Case ........................................................................ 1

Response to Issue One ....................................................................... 2

> There was no violation of appellant's Due Process rights.
> The evidence was merely potentially useful and was
> destroyed through inadvertence rather than bad faith.
> The Texas Constitution provides no greater protection
> than the U.S. Constitution under these circumstances.

Statement of Facts........................................................................... 2-6

Summary of Arguments .................................................................... 6

Arguments and Authorities Issue One ......................................... 8-11

Conclusion...................................................................................... 11

Prayer.............................................................................................. 12

Certificate of Compliance .............................................................. 13

Certificate of Service...................................................................... 13

# INDEX OF AUTHORITIES

CASES

*Alvarado v. State*, No. 07-06-0086-CR, 2006 Tex. App. LEXIS 8696, 2006 WL 2860973 (Tex. App. – Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication) .................................. 17

*Arizona v. Youngblood,* 488 U.S. 51, 51-52 (1988)..................... 13, 14

*Camacho v. State*, No. 14-13-00626-CR, 2014 Tex. App. LEXIS 11078 (Tex. App.—Houston [14th Dist.] Oct. 7, 2014, pet. ref'd)  17

*Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000) ........... 12

*Ex parte Napper*, 322 S.W.3d 202 (Tex. Crim. App. 2010) ........ 13, 14

*Gelinas v. State,* No. 08-09-00246-CR, 2015 Tex. App. LEXIS 8452 (Tex. App.—El Paso Aug. 12, 2015, no pet.) (mem. op., not designated for publication).................................................... 14, 16

*Gutierrez v. State,* 419 S.W.3d 547 (Tex. App. – San Antonio 2013, no pet.) .................................................................................. 13

*Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997)............... 12

*Higginbotham v. State*, 416 S.W.3d 921 (Tex. App. – Houston [1st Dist.] 2013, no pet.) ................................................................ 17

*Illinois v. Fisher,* 540 U.S. 544 (2004)...................................... 13, 14

*Jones v. State*, 437 S.W.3d 536 (Tex. App.—Texarkana 2014, pet. ref'd) ..................................................................................... 17

*Lee v. State,* 893 S.W.2d 80 (Tex. App. – El Paso 1994, no pet.) ..... 13

*McGee v. State*, 210 S.W.3d 702 (Tex. App. – Eastland 2006, no pet.) ............................................................................................ 17

*Pena v. State,* 226 S.W.3d 634 (Tex. App.—Waco 2007)*, rev'd on other grounds,* 285 S.W.3d 459 (Tex. Crim. App. 2009) ............... 16

*Salazar v. State,* 185 S.W.3d 90 (Tex. App. – San Antonio 2005, no pet.) ................................................................................. 17

*Salazar v. State,* 298 S.W.3d 273 (Tex. App. – Fort Worth 2009, pet. ref'd) ................................................................................. 14, 17

*Saldana v. State,* 783 S.W.2d 22 (Tex. App. – Austin 1990, no pet.) ................................................................................. 17

*State v. Ballard,* 987 S.W.2d 889 (Tex. Crim. App. 1999) ............... 13

*State v. Munoz,* 991 S.W.2d 818 (Tex. Crim. App. 1999) ................. 13

*State v. Rudd,* 871 S.W.2d 530 (Tex. App. – Dallas 1994, no pet.) . 17

*State v. Vasquez,* 230 S.W.3d 744 (Tex. App. – Houston [14th Dist.] 2007, no pet.) ................................................................. 17

*Univ. of Tex. Med. Sch. at Houston v. Than,* 901 S.W.2d 926 (Tex. 1995) ................................................................................. 17

RULES AND STATUTES

Tex. Health & Safety Code Ann. § 481.112 (West 2016) ................... 2

Tex. Health & Safety Code Ann. § 481.115 (West 2016) ................... 2

NO. 11-17-00098-CR

IN THE COURT OF APPEALS

ELEVENTH JUDICIAL DISTRICT OF TEXAS

AT EASTLAND, TEXAS
*************************************************************

JASON BERNARD MATTHEWS,

Appellant,

V.

THE STATE OF TEXAS,

Appellee.
*************************************************************

On Appeal From
The 42nd District Court of Taylor County, Texas
Honorable James Eidson, Presiding Judge
Trial Court Cause Number 26935-A
*************************************************************

**STATE'S BRIEF**
*************************************************************

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through her Assistant Criminal District Attorney, Britt Lindsey, and would show this Court the following.

### STATEMENT OF THE CASE

This appeal is from a judgment and conviction in the 42nd District Court of Taylor County, Texas for the offense of first degree possession of methamphetamine with intent to deliver. After denial of appellant's

1

motion to suppress, appellant was found guilty and sentenced by a jury to 8 years in prison. Appellant now appeals the denial of his motion to suppress, arguing that the pretrial destruction of evidence violated his rights under the U.S. Constitution and Texas Constitution.

**Response to Issue One**

There was no violation of appellant's Due Process rights. The evidence was merely potentially useful and was destroyed through inadvertence rather than bad faith. The Texas Constitution provides no greater protection than the U.S. Constitution under these circumstances.

**STATEMENT OF FACTS**

Jason Matthews (appellant) was charged with possession of four grams or more but less than two hundred grams methamphetamine with intent to deliver, and a second count for simple possession of the same amount. Tex. Health & Safety Code Ann. §§ 481.112, 481.115 (West 2016). (CR1: 16) On November 10, 2016, appellant filed his "Motion to Inspect, Examine, and Test Physical Evidence," and "Motion for Examination" requesting that the court order independent testing of the 18.11 grams of methamphetamine in another laboratory. (CR1: 20-22) That motion was granted by Judge John Weeks, and on December 14,

2016 the court ordered that the narcotics evidence be delivered to Armstrong Forensic Laboratory in Arlington, Texas for weighting and identification. (CR1: 24-25)

On March 30, 2017, the State filed with the court notice of additional *Brady* discovery. (CR1: 28-29) That notice stated that during the week of March 27, 2017 counsel for the State notified counsel for the defendant of the following:

a. All drugs pertaining to this Cause Number were inadvertently destroyed and therefore cannot be retested as ordered by the Court on December 14, 2016.

b. The Abilene Police Department confirmed that said drugs were inadvertently disposed of on or about October 21, 2016, after the co-defendant to this case, Brittany Lawson, took a plea in Cause 12129-D, on May 12, 2016. The disposition form for Brittany Lawson did not contain information stating a co-defendant's case was still pending; this information was not included on Brittany Lawson's disposition form by mistake, oversight, or administrative error.

c. Prior to the drug's disposal, said drugs were tested by Ashley Zelinski on August 18, 2016, at the Texas Department of Public Safety, Abilene Crime Lab.

d. The State has confirmed with the Abilene Crime Lab that it does not possess the drugs and that they were delivered back to the Abilene Police Department.

e. Armstrong Forensic Laboratory in Arlington, Texas, confirmed it never received any drugs to test for this Cause Number.

(CR1: 28-29) The notice also stated that the State learned on March 30, 2017 that all other evidence related to this cause number, including any videos or photos, were also inadvertently destroyed for the same reasons listed above. Appellant filed a motion to suppress the testimony of the State's chemist on the grounds that the negligence of the Abilene Police Department rose to the level of bad faith. (CR1: 30-31)

Prior to trial appellant's motion to suppress was discussed. (RR4: 5) Appellant urged that the actions of law enforcement in destroying the evidence were bad faith. (RR4: 5-6) Counsel for the State informed the court that the evidence was inadvertently destroyed sometime around October 21, 2016 after appellant's co-defendant pleaded. (RR4: 7) He stated that this was not due to bad faith but an administrative mistake. (RR4: 7-8) Appellant argued that there was bad faith due to gross negligence on the part of police. (RR4: 9) The trial court indicated that the motion would be denied at that time, but would be carried forward through the trial and that the court would be listening for any evidence which indicated bad faith in the destruction of the narcotics. (RR4: 9)

*Testimony of Agent Alfred Dixon*

The State first called Agent Alfred Dixon, who is with the special operations division for the Abilene Police Department in narcotics and a K9 officer. (RR4: 87-88) He testified that on February 23, 2016 he was executing a no-knock search and arrest warrant for appellant in a hotel room at the Civic Plaza. (RR4: 89-90, 92, 106) They observed appellant leaving the room and getting into a 2011 gray Kia Sportage; after he left they had a patrol officer stop the vehicle and detain appellant. (RR4: 92-93) Once appellant was detained they executed a search of the hotel room, which was occupied by Brittney Lawson. (RR4: 93) In the room they found marijuana and methamphetamine, as well as used syringes that still contained blood and methamphetamine. (RR4: 95-96) One syringe was found in Lawson's purse, and several more were found in a box on the nightstand and in a green backpack containing men's clothing. (RR4: 97) Dixon testified that he believed the hotel room to be appellant's room. (RR4: 97) In another black bag in the room agents found a personal paper of appellant's and a bag containing approximately 18.08 grams of a crystal-like substance, which tested positive for methamphetamine. (RR4: 98) Dixon stated that this was more than would be expected for personal

use and was common among those selling narcotics. (RR4: 98-99) He testified the value of the methamphetamine to be between $800 and $900. (RR4: 105) Dixon said that MSM powder was also found in the bag, which is used to cut and mix into narcotics so that more can be gotten out of it. (RR4: 100) A digital scale with methamphetamine residue was also found. (RR4: 100)

Appellant's vehicle was also searched. (RR4: 100-101) Police found nine pills of alprazolam, 1.2 grams of hydrocodone, and 2.2 grams of methamphetamine. (RR4: 101) Police also found personal papers of appellant and a wooden box containing a syringe with .4 grams of methamphetamine, a lighter, and a spoon, which he said was drug paraphernalia. (RR4: 102-103)

*Testimony of Officer Jimmy Seals*

At trial, Abilene Police Department Officer Jimmy Seals testified regarding the narcotics evidence. (RR4: 112) He testified that one of his main duties is to transfer lab and drug evidence to and from lockup to the DPS lab for analysis. (RR4: 112) He testified that he transferred the drug evidence in this case to the lab on March 21, 2016 and picked it back up on August 22, 2016. (RR4: 113) He testified that in this case the evidence

6

had been destroyed on October 21, 2016. (RR4: 113, 114-115) He explained that part of his job is getting dispositions from the district attorney's office and marking the evidence for destruction once he determines that all charges have been satisfied. (RR4: 113)

In the instant case he received a disposition form indicating that appellant's misdemeanor charges had been refused by the district attorney's office, and subsequently received another disposition from the 350th district court that appellant's co-defendant had pleaded guilty to possession of methamphetamine. (RR4: 113-114) Usually the document would say that the evidence needed to be retained because a co-defendant's case is still pending but this document did not have such a notation. (RR4: 144) Officer Seals marked the evidence for destruction because he did not know there was still an outstanding possession of methamphetamine case pending for appellant. (RR4: 114) Officer Seals was asked if he would have marked the evidence for destruction had he known and said "[o]f course not." (RR4: 114) He was asked if the destruction was inadvertent and answered "[y]es, it was." (RR4: 114)

*Testimony of Brittany Lawson*

Appellant called co-defendant Brittany Lawson to testify. (RR4: 125) She testified that appellant was her ex-boyfriend and that they dated for a year and a half. (RR4: 125) She testified that she was still in love with him and cared about him. (RR4: 126) She testified that she was arrested for possession of methamphetamine at the Civic Plaza hotel in Abilene on February 23, 2016. (RR4: 126) She said the room was in her name and only she was staying there. (RR4: 127) She said that prior to that she was living at the Abilene hotel with appellant. (RR4: 127-128) She was not sure where he went when he left but she still saw him (RR4: 128) She said she still had some of his belongings from the other hotel: "[j]ust like a few backpacks. Like some food, clothing items, just stuff that he couldn't carry with him." (RR4: 129) She said he would stay the night there sometimes but did not on February 23, 2016. (RR4: 129) She said that he came over to see her the night before but left that same night. (RR4: 130) The next day he came over for just a few minutes to use the bathroom and then left; the police came right after that. (RR4: 130) She said that he left his phone. (RR4: 130)

She said at that time she was using methamphetamine intravenously. (RR4: 130) She said she had used that day; she did not

8

know if appellant had. (RR4: 131) She was asked where she got her methamphetamine and replied "[w]ell, from him," meaning appellant. (RR4: 131) She said that she broke up her used needles and threw them away or put them in a box, and appellant did this as well. (RR4: 131) She said he did not leave any around the hotel room but that there were some in his backpack. (RR4: 131-132) Phone conversations between appellant and Lawson recorded when Lawson was in jail were played. (RR4: 134-139) Lawson identified an affidavit that she had previously signed indicating that the narcotics were hers and that appellant had no knowledge of them, but testified that that was not true. (RR4: 141-142) On re-cross examination she stated that the drugs were in his bag but that she did not know whose they were. (RR4: 148)

*Testimony of Ashley Zelinski, former DPS analyst*

Former Texas Department of Public Safety forensic scientist Ashley Zelinski testified. (RR4: 151) She testified that she is now a forensic scientist with the Oregon State Police. (RR4: 151) She testified that she analyzed the narcotics evidence in this case and determined that it was 18.11 grams and contained methamphetamine. (RR4: 155-156)

*Testimony of Jason Matthews, appellant*

9

Appellant took the stand to testify. (RR4: 165) He testified that he had previously lived with Lawson at the Abilene Motel but did not live with her at the Civic Plaza. (RR4: 165-168) He testified that they were evicted, all of their things were packed up and left outside together, and Lawson took them to the Civic Plaza. (RR4: 167-168) He testified that he did not go to the Civic Plaza to get his belongings because he had another girlfriend. (RR4: 168-169) On the day he was arrested he had stayed downstairs at the Civic Plaza with another girlfriend. (RR4: 169-170) He denied that the black bag that the drugs were found in was his, and that any of the drugs found in the room were his. (RR4: 170) He disputed Agent Dixon's testimony that drugs were found in his vehicle. (RR4: 171) He testified that he had used methamphetamine that day but that he did not use a spoon or needle. (RR4: 184) He said that he snorted it and that Lawson and some friends provided it. (RR4: 184) He said that he had only ever been in the room the day that Lawson moved in and the day that he was arrested. (RR4: 187)

After both sides rested, appellant reurged his motion to suppress, which was denied. (RR5: 6-7) The jury subsequently returned a verdict of guilty to possession of methamphetamine with intent to deliver and

10

charged in the first count of the indictment. (RR5: 25) Punishment was assessed by the jury at 8 years in the Texas Department of Criminal Justice Institutional Division. (RR5: 42)

## SUMMARY OF ARGUMENTS

U.S. Supreme Court and Texas precedent draws a distinction between police destruction of "material exculpatory evidence" and "potentially useful evidence." When evidence is merely potentially useful, there is no Due Process violation in its destruction prior to trial unless it can be shown that law enforcement acted in bad faith. Bad faith in this context requires more than carelessness or negligence, but rather an improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. As the evidence in this case was destroyed through inadvertence rather than malice towards appellant, no Due Process violation is shown. Appellant argues for relief under the Due Course of Law provision of the Texas Constitution, but a majority of courts of appeal have found that the Texas Constitution provides no greater protection than the U.S. Constitution under these circumstances, including this court.

## ARGUMENTS AND AUTHORITIES

11

**Response to Issue One**

> **There was no violation of appellant's Due Process rights. The evidence was merely potentially useful and was destroyed through inadvertence rather than bad faith. The Texas Constitution provides no greater protection than the U.S. Constitution under these circumstances.**

### *Standard of review and relevant law*

#### *Motion to suppress*

A review of a trial court's ruling on a motion to suppress evidence is under a bifurcated standard of review for abuse of discretion. *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Under this bifurcated standard of review, the appellate court gives "almost total deference to a trial court's determination of historical facts" and reviews de novo the court's application of the law of search and seizure. *Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000) (citing *Guzman,* 955 S.W.2d at 89). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When no explicit findings of fact are made, the reviewing court reviews the evidence in the light most favorable to the court's ruling. *Carmouche,* 10 S.W.3d at 327-28 (citing *State v. Ballard,*

987 S.W.2d 889 (Tex. Crim. App. 1999); *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999)).

*Analysis*

In addressing claims involving the prosecution's failure to preserve evidence in a criminal trial, the U.S. Supreme Court has drawn a distinction between "material exculpatory evidence" and "potentially useful evidence." *Arizona v. Youngblood,* 488 U.S. 51, 51-52 (1988); *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010); *Gutierrez v. State,* 419 S.W.3d 547 (Tex. App. – San Antonio 2013, no pet.). A federal Due Process violation occurs if the State fails to disclose material exculpatory evidence, regardless of whether the State acted in bad faith. *Gutierrez,* 419 S.W.3d (citing *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004); *Ex parte Napper*, 322 S.W.3d at 229). It is not enough to show that it is not enough to show that the missing or destroyed evidence might have been favorable for the defendant; in order to meet the materiality standard, its exculpatory value must be apparent. *Lee v. State,* 893 S.W.2d 80, 87 (Tex. App. – El Paso 1994, no pet.); *see also Gelinas v. State,* No. 08-09-00246-CR, 2015 Tex. App. LEXIS 8452 (Tex.

13

App.—El Paso Aug. 12, 2015, no pet.) (mem. op., not designated for publication).

Where lost or destroyed evidence is merely "potentially useful," due process is not violated "unless a criminal defendant can show bad faith on the part of the police." *Youngblood,* 488 U.S. 51, 58; *Fisher,* 540 U.S. 547-48; *see also Salazar v. State,* 298 S.W.3d 273, 278 (Tex. App. – Fort Worth 2009, pet. ref'd). The Court of Criminal Appeals observed in *Ex Parte Napper* that:

> "[b]ad faith" is more than simply being aware that one's action or inaction could result in the loss of something that is recognized to be evidence…bad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. Bad faith cannot be established by showing simply that the analyst destroyed the evidence without thought, or did so because that was the common practice, or did so because the analyst believed unreasonably that he was following the proper procedure.

*Ex Parte Napper,* 322 S.W.3d at 229.

*The evidence was merely "potentially useful"*

In the instant case, the evidence was merely potentially useful. There was no exculpatory value to the evidence that was readily apparent. Rather, the evidence was shown at trial to be inculpatory by the testimony of former DPS analyst Ashley Zelinsky, who testified that

14

it weighed 18.11 grams and contained methamphetamine, and by appellant's co-defendant Brittany Lawson, who also testified that it was methamphetamine. (RR2: 146, 147, 156-57) Appellant's testimony at trial did not challenge the weight of the narcotics or that the substance was methamphetamine, but rather that any drugs found in the hotel room belonged to Lawson, who was an IV methamphetamine user by both his and her own testimony. (RR2: 130, 171)

*The evidence was not destroyed in bad faith*

The evidence was not destroyed out of any improper motive or personal animus towards appellant. Officer Jimmy Seals testified that ordinarily the case disposition forms he receives indicate whether evidence is to be retained because a co-defendant's case is still pending, but in this case the document did not have that notation. The evidence was destroyed not out of bad faith or due to improper motive, but through simple inadvertence. Because the evidence was only potentially useful evidence and was not destroyed in bad faith, there is no Due Process violation.

*The Due Course of Law provision of the Texas Constitution provides no greater protection than the Due Process Clause of the U.S. Constitution*

Appellant argues that the Due Course of Law provision of Article 1, Section 19 of the Texas Constitution provides greater protection than the Due Process Clause of the U.S. Constitution, relying on *Pena v. State*, 226 S.W.3d 634, 651 (Tex. App.—Waco 2007)*, rev'd on other grounds,* 285 S.W.3d 459, 465 (Tex. Crim. App. 2009) ("*Pena III and IV*"), which held that negligently destroyed evidence violated the Due Course of Law clause even absent a showing of bad faith and remanded to the trial court, determining that the appropriate remedy was an adverse inference or spoliation instruction rather than exclusion or outright dismissal.

However, a majority of courts of appeal have declined to follow the reasoning of the *Pena* line of cases, including this Court, and have held that the Texas Constitution provides no greater protection than the U.S. Constitution in this regard. *See e.g., Gelinas v. State*, No. 08-09-00246-CR, 2015 Tex. App. LEXIS 8452, at *29 (Tex. App.—El Paso Aug. 12, 2015, no pet.) (mem. op., not designated for publication);

*Higginbotham v. State*, 416 S.W.3d 921, 925-26 (Tex. App. – Houston [1st Dist.] 2013, no pet.); *Salazar*, 298 S.W.3d at 279; *State v. Vasquez*, 230 S.W.3d 744, 750 (Tex. App. – Houston [14th Dist.] 2007, no pet.); *Camacho v. State*, No. 14-13-00626-CR, 2014 Tex. App. LEXIS 11078 (Tex. App.—Houston [14th Dist.] Oct. 7, 2014, pet. ref'd); *Jones v. State*, 437 S.W.3d 536, 540 (Tex. App.—Texarkana 2014, pet. ref'd); *Alvarado v. State*, No. 07-06-0086-CR, 2006 Tex. App. LEXIS 8696, 2006 WL 2860973, at *3 (Tex. App. – Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication); *McGee v. State*, 210 S.W.3d 702, 705 (Tex. App. – Eastland 2006, no pet.); *Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App. – San Antonio 2005, no pet.); *State v. Rudd*, 871 S.W.2d 530, 532-33 (Tex. App. – Dallas 1994, no pet.); *Saldana v. State*, 783 S.W.2d 22, 23 (Tex. App. – Austin 1990, no pet.); *see also Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ("[w]hile the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction."). As there is no evidence that law enforcement acted in bad faith in destroying the evidence prior to trial, appellant's rights were

not violated under the Due Process clause or Due Course of Law provision.

## CONCLUSION

The narcotics evidence was not exculpatory and was destroyed inadvertently rather than in bad faith. Appellant's rights under the U.S. Constitution and Texas Constitution have not been violated.

## PRAYER

The State requests this Court affirm the judgment of the trial court.


Respectfully submitted,

James Hicks
Criminal District Attorney
Taylor County, Texas
300 Oak Street, Suite 300
Abilene, Texas 79602
325-674-1261
325-674-1306 FAX


BY:   /s/ Britt Lindsey_____
BRITT LINDSEY
Assistant Criminal District Attorney
Appellate Section
300 Oak Street, Suite 300
Abilene, Texas 79602
325-674-1376
325-674-1306 FAX
LindseyB@taylorcountytexas.org

18

State Bar No. 24039669
Attorney for the State

## CERTIFICATE OF COMPLIANCE

I, Britt Lindsey, affirm that the above brief is in compliance with the Rules of Appellate Procedure. The font size in the brief is 14 point, except footnotes which are 12 point. The word count is 3400, excluding the exceptions listed in Rule 9.4. The word count of the entire brief is 4307.

/s/ Britt Lindsey_____
BRITT LINDSEY

## CERTIFICATE OF SERVICE

I certify that on this 14th day of July, 2017, a true copy of the foregoing State's Brief was served on the attorney for appellant according to the requirements of law by email or efiling to:

Jenny Henley
Attorney at Law
702-A Hickory St.
Abilene, Texas 79601

Attorney for appellant, Jason Bernard Matthews.

/s/ Britt Lindsey_____
BRITT LINDSEY