**Opinion filed April 5, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00098-CR

_____

## JASON BERNARD MATTHEWS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26935A**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of possession with intent to deliver four grams or more but less than two hundred grams of methamphetamine.[1]  The jury assessed punishment at confinement for eight years and a $5,000 fine.  In a single issue on appeal, Appellant complains that the negligent destruction of evidence prior to

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017).

independent analysis denied him due course of law under Article 1, Section 19 of the Texas Constitution. We affirm.

## I. *Background Facts*

The Abilene Police Department had custody of the physical evidence related to Appellant's case. Appellant's codefendant entered a plea agreement in May 2016. In August, personnel from the Texas Department of Public Safety laboratory tested the evidence. The laboratory personnel returned the evidence to the Abilene Police Department, and personnel there destroyed it in October. In November, Appellant filed a motion to conduct his own test of the State's physical evidence. A month later, the trial court granted the motion and authorized Appellant's independent laboratory to weigh and identify the "crystalline substance." In March 2017, the State learned and disclosed that personnel of the Abilene Police Department had destroyed the evidence the previous October. Abilene police department personnel explained that the codefendant's disposition form did not include notes about Appellant's pending case because of "mistake, oversight, or administrative error."

In response, Appellant filed a motion to suppress the testimony of the laboratory analyst and alleged bad faith by the Abilene Police Department. Appellant argued that the State's case was focused on Appellant because the search warrant named him, so the destruction of the evidence after the disposition of the codefendant's case constituted gross negligence and bad faith. The State countered that the evidence was destroyed by mistake because the Abilene police officers in charge of the evidence had no reason to retain it when they received the codefendant's disposition form, which did not have any notes about Appellant's case. The trial court carried Appellant's motion through trial; it later denied the motion due to a lack of evidence of bad faith.

At trial, the State's laboratory analyst testified that the crystalline substance contained methamphetamine and that it weighed 18.11 grams. Appellant's codefendant also testified that the substance was methamphetamine. Appellant did not dispute the composition or the weight of the substance; instead, he testified that the drugs did not belong to him and claimed that the drugs belonged to the codefendant.

## II. *Analysis*

On appeal, Appellant asks this court to consider whether the negligent destruction of evidence violated Appellant's right to due course of law. Appellant urges us to follow *Pena v. State*, 226 S.W.3d 634 (Tex. App.—Waco 2007) (*Pena III*), *rev'd on other grounds*, 285 S.W.3d 459 (Tex. Crim. App. 2009), and recognize a greater level of protection for due course rights under the Texas Constitution than due process rights under the U.S. Constitution. We declined to do so in an earlier case. *See McGee v. State*, 210 S.W.3d 702, 705 (Tex. App.—Eastland 2006, no pet.) (applying the federal standard to due course rights after *Pena v. State*, 166 S.W.3d 274 (Tex. App.—Waco 2005) (*Pena I*), *vacated*, 191 S.W.3d 133 (Tex. Crim. App. 2006)). We again decline to do so after *Pena III*.

Under the U.S. Constitution, a due process violation occurs "when the State fails to disclose to the defendant material exculpatory evidence." *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). However, "the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Id.* When dealing with evidence that is merely "potentially useful," the defendant has to show that the failure to preserve the evidence resulted from bad faith. *Id.* at 58; *see Roberts v.*

*State*, No. 11-09-00175-CR, 2011 WL 2112809, at *4 (Tex. App.—Eastland May 27, 2011, no pet.) (mem. op., not designated for publication) (citing *Youngblood*, 488 U.S. at 57, 58; *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010)).

In *McGee*, we held that the right to due course of law under the Texas Constitution provides the same level of protection as the U.S. Constitution in cases dealing with the loss of potentially useful evidence. *McGee*, 210 S.W.3d at 705. Eleven of our sister courts have explicitly followed the same course. *See State v. Fellows*, 471 S.W.3d 555, 558 n.5, 563 (Tex. App.—Corpus Christi 2015, pet. ref'd); *Gelinas v. State*, No. 08-09-00246-CR, 2015 WL 4760180, at *10 (Tex. App.—El Paso Aug. 12, 2015, no pet.) (not designated for publication); *Jones v. State*, 437 S.W.3d 536, 540 (Tex. App.—Texarkana 2014, pet. ref'd); *Higginbotham v. State*, 416 S.W.3d 921, 926 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *State v. White*, No. 03-07-00041-CR, 2010 WL 3271195, at *8 (Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op., not designated for publication); *Ramirez v. State*, 301 S.W.3d 410, 421 (Tex. App.—Austin 2009, no pet.); *Salazar v. State*, 298 S.W.3d 273, 279 (Tex. App.—Fort Worth 2009, pet. ref'd); *Purvis v. State*, No. 12-06-00422-CR, 2008 WL 2221826, at *6 (Tex. App.—Tyler May 30, 2008, no pet.) (mem. op., not designated for publication); *Sharpe v. State*, No. 05-07-00276-CR, 2008 WL 963130, at *6 (Tex. App.—Dallas Apr. 10, 2008, no pet.) (not designated for publication); *Smith v. State*, No. 07-05-0289-CR, 2007 WL 2002897, at *3 n.7 (Tex. App.—Amarillo July 11, 2007, no pet.) (mem. op., not designated for publication); *State v. Vasquez*, 230 S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.); *State v. Rudd*, 871 S.W.2d 530, 533 (Tex. App.—Dallas 1994, no writ).

The Ninth Court of Appeals noted that most of Texas appellate courts apply the bad faith standard from *Youngblood*, but it declined to reach the issue because the appellant failed to preserve error. *Kiser v. State*, No. 09-11-00157-CR, 2012 WL 1448408, at *1 (Tex. App.—Beaumont Apr. 25, 2012, pet. ref'd) (mem. op., not designated for publication). Therefore, the Tenth Court of Appeals is the only court to hold that the right to due course of law prohibits negligent destruction of evidence that is merely potentially useful. *See Pena III*, 226 S.W.3d at 651. And *Pena I* and *Pena III* were decisions from which Chief Justice Gray dissented and gave persuasive reasons for applying the *Youngblood* standard to due course rights. *See Pena I*, 166 S.W.3d at 285 n.1 (Gray, C.J., dissenting); *Pena III*, 226 S.W.3d at 670 (Gray, C.J., dissenting).

Given this court's precedent and the holdings among most of the Texas courts of appeals, we hold that bad faith is required to prove a violation of the right to due course of law when potentially useful evidence is lost or destroyed. *See McGee*, 210 S.W.3d at 705. Here, the evidence was only potentially useful because the codefendant and the laboratory agent both confirmed that the crystalline substance contained methamphetamine, but Appellant was unable to obtain independent analysis. No more can be said of the crystalline substance other than that it could have been independently tested. *See Youngblood*, 488 U.S. at 57. Appellant argues on appeal that the State negligently destroyed the evidence and does not argue that the loss of evidence resulted from bad faith. Because bad faith is a necessary element of Appellant's claim, Appellant has not shown that the destruction of evidence violated his right to due course of law. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


April 5, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.